UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JUSTIN D. MACLEAN,
    Plaintiff,

v.

MARY MCCABE,[1]
    Defendant.

CIVIL ACTION NO. 22-12163-MPK

ORDER TO REASSIGN TO A DISTRICT JUDGE AND
REPORT AND RECOMMENDATION OF DISMISSAL

KELLEY, U.S.M.J.

Justin D. MacLean, who is a pretrial detainee confined at the Essex County Correctional Facility, brings this action against state district court judge Mary McCabe. MacLean states that he is currently confined by order of Judge McCabe. For the reasons set forth below, the court will order the Clerk of Court to reassign this action to a District Judge and will recommend to the District Judge that this action be dismissed.

I.    Order to Reassign Case to a District Judge

Pursuant to General Orders (10-1) and (09-3), a case may be randomly assigned, at the time of filing, to a Magistrate Judge. The parties are required to inform the Court within 30 days the last party is served whether they consent or refuse to consent to the final jurisdiction of a Magistrate Judge. Absent the parties' consent to the final assignment of this case to a Magistrate Judge, a Magistrate Judge is without jurisdiction to dismiss a complaint for failure to state a

---

[1] In his complaint, MacLean identifies the defendant as "Mary Macabe." The court takes judicial notice that the correct spelling of the defendant is "McCabe." A list of the Commonwealth's District Judges may be found at https://www.mass.gov/info-details/district-court-justices (last visited Jan. 31, 2023).

claim upon which relief may be granted or otherwise involuntarily dismiss an action. 28 U.S.C. § 636(b)(a)(A).

This action was drawn to the undersigned Magistrate Judge under the above-described protocol. The parties to this action have not indicated whether they consent or refuse to consent to the jurisdiction of the Magistrate Judge. This is to be expected where, as here, summonses do not issue pending a preliminary screening of the complaint pursuant to 28 U.S.C. §§ 1915(e)(2) or 1915A.[2]

As set forth below, this court concludes that this action is subject to *sua sponte* dismissal. Notwithstanding, because the parties have not consented to the final assignment of this case to the Magistrate Judge, the court cannot dismiss the action. For that reason, the court will order that the Clerk of Court reassign this case to a District Judge.

II.     Background

In his complaint, MacLean alleges that, in the course of criminal proceedings against him, Judge McCabe:

> used her power as a justice of the Haverhill District Court to deprive plaintiff of his right to counsel during a critical proceeding and substantive rights to due process by the continued judicial actions taken against Plaintiff despite a lack of subject matter jurisdiction due to a fatally [sic] defective complaint and corruption as well as unlawful acts taken which dishonor the office of judge per the adumbrated judicial canons.

Compl. ¶ 5. MacLean alleges, more specifically, that Judge McCabe wrongfully refused to recuse herself, "refused to appoint appropriated counsel," and changed the venue of the action to another court "where she frequently sits, while arbitrarily denying the possibility of other courts that do not bear her influence." *Id.* ¶¶ 9-11.

---

[2] Indeed, a defendant in such an action may not even be aware of the pending lawsuit.

MacLean alleges that Judge McCabe has violated his constitutional rights to counsel, procedural due process, and substantive due process. He seeks "no less" than $250,000 in compensatory damages and $100,000 in punitive damages. *Id.* at 4.

MacLean filed a motion for leave to proceed *in forma pauperis* with his complaint. The court denied the motion without prejudice because MacLean had not provided the institutional account statement required under 28 U.S.C. § 1915(a)(2). MacLean later informed the court that the treasurer of Essex County Correctional Facility will not provide him with the account statement and asked the court for assistance in obtaining the document. Because MacLean has been unable to obtain his prison account statement and his complaint is subject to *sua sponte* dismissal, the court recommends that no filing fee be assessed and that the substance of the complaint be reviewed without resolution of the filing fee.

III.   Discussion

Under 28 U.S.C. § 1915A, prisoner complaints in civil actions that seek redress from a governmental entity or officers or employees of a governmental entity are subject to a preliminary review. This statute authorize federal courts to dismiss a complaint sua sponte if the claims therein are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief. See 28 U.S.C. 28 U.S.C. § 1915A(b). In conducting this review, the court liberally construes the complaint because MacLean is proceeding pro se. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

Here, MacLean's is subject to dismissal for failure to state a claim upon which relief may be granted and because it seeks monetary relief against a defendant who is immune from such relief. Under the doctrine of judicial immunity, judges are immune "from liability for damages for acts committed within their judicial jurisdiction . . . even when the judge is accused of acting

3

maliciously and corruptly." *Pierson v. Ray*, 386 U.S. 547, 554 (1967); *see Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (doctrine of judicial immunity is only overcome where the alleged misconduct was not taken in the judge's judicial capacity or where the alleged misconduct was taken in complete absence of all jurisdiction). Here, all of MacLean's allegations concerning Judge McCabe relate to judicial actions she took in MacLean's criminal prosecution. Accordingly, this action is subject to dismissal pursuant to 28 U.S.C. § 1915A.[3]

IV.     Conclusion

For the reasons set forth above, the court ORDERS that the Clerk of Court reassign this action to a District Judge. The court recommends that the complaint be dismissed for failure to state a claim upon which relief may be granted and because it seeks monetary relief against a defendant who is immune from such relief. The court also recommends that no filing fee be assessed.

V.      Review by District Judge

The parties are advised that any party who objects to this recommendation must file a specific written objection with the Clerk of this Court within fourteen days of service of the Report and Recommendation. The written objection must specifically identify the portion of the Report and Recommendation to which objection is made and the basis for such objection. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) shall preclude further appellate

---

[3] To the extent that complaint can be construed as including a request for injunctive relief, the court would be required to abstain from exercising jurisdiction over the matter. *See In re Justices of Superior Court Dept. of Mass. Trial Ct.* 218 F.3d 11, 16 (1st Cir. 2000) ("[F]ederal courts have long recognized 'the fundamental policy against federal interference with state criminal proceedings.'" (quoting *Younger v. Harris*, 401 U.S. 37, 46 (1971))).

review.  *See Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271 (1st Cir. 1988); *U.S. v. Emiliano Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *U.S. v. Vega,* 678 F.2d 376, 378–79 (1st Cir. 1982); *Park Manor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

February 1, 2023

/s/ M. Page Kelley
M. Page Kelley
United States Magistrate Judge