UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JUSTIN D. MACLEAN, | * |
| Plaintiff, | * |
| v. | * Civil Action No. 22-12163-IT |
| MARY MCCABE, | * |
| Defendant. | * |

ORDER ADOPTING REPORT AND RECOMMENDATION

April 26, 2023

TALWANI, D.J.

On December 19, 2022, Plaintiff Justin D. MacLean, a pretrial detainee confined at the Essex County Correctional Facility, filed a *pro se* Complaint [Doc. No. 1] against state court judge Mary McCabe and a Motion for Leave to Proceed *in Forma Pauperis* [Doc. No. 2]. In his complaint, Plaintiff alleges that, in the course of criminal proceedings against him, Defendant "used her power as a justice of the Haverhill District Court" to deprive Plaintiff of his rights to counsel, "fair and unbiased proceedings in a court of competent jurisdiction," and substantive due process. Compl. ¶¶ 5, 12-14. Plaintiff seeks "no less" than $250,000 in compensatory damages and $100,000 in punitive damages. Id. at 4.[1]

On December 20, 2022, the Magistrate Judge denied without prejudice Plaintiff's Motion on the ground that he had not submitted a six-month prison account statement. Elec. Order [Doc.

---

[1] The case was randomly assigned to a Magistrate Judge pursuant to the District's Program for Random Assignment of Civil Cases to Magistrate Judges. Notice of Case Assignment [Doc. No. 4]. In the absence of a consent to the Magistrate Judge's jurisdiction, that initial assignment is treated as a referral to the Magistrate Judge under 28 U.S.C. § 636(b). Id.

No. 4]. Thereafter, Plaintiff represented that the correctional facility at which he was confined refused to provide the statement, and asked that the Court assist him in obtain the document or allow him to proceed *in forma pauperis* pending his receipt of the prison account statement. Ex Parte Motion [Doc. No. 5]; Letter [Doc. No. 6].

On February 1, 2023, the Magistrate Judge issued an Order for Reassignment and Report and Recommendation [Doc. No. 7] recommending that the action be dismissed without prejudice because the complaint fails to state a claim upon which relief may be granted. Reviewing the Complaint pursuant to 28 U.S.C. § 1915A, the Magistrate Judge concluded that, because Defendant has immunity from liability for damages for acts committed within her judicial jurisdiction, the Complaint was subject to dismissal for failure to state a claim upon which relief could be granted and because it seeks monetary relief against a Defendant who is immune from such relief.

The Magistrate Judge also recommended that no filing fee be assessed.

Plaintiff has filed an Objection [Doc. No. 9] to the Magistrate Judge's recommendation, arguing that because the criminal complaint against him was "fatally defective," Defendant did not have jurisdiction over the matter. Id. ¶ 1. Plaintiff also argues that, because factual allegations in a complaint must be taken as true for purposes of determining the sufficiency of the pleading, the Magistrate Judge erred by not crediting Plaintiff's allegation that Defendant "lacked jurisdiction in a proceeding based upon a fatally defective accusatory instrument." Id. ¶ 2. Finally, Plaintiff takes issue with the Magistrate Judge's recommendation that the case be dismissed without adjudication of his *in forma pauperis* motion. Id. ¶ 3.

Plaintiff's Objection does not undermine the sound conclusions of the Report and Recommendations. Even if the criminal complaint against Plaintiff was "fatally defective,"

Defendant's alleged misconduct was not taken "in complete absence of all jurisdiction," Mireles v. Waco, 502 U.S. 11-12 (1991), as the term is used when discussing judicial immunity. "[T]he scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." Stump v. Sparkman, 435 U.S. 349, 356 (1978). "As such, a judge acts in the clear absence of all jurisdiction 'only when the matter upon which [s]he acts is clearly outside the subject matter of the court over which [s]he presides.'" Brookings v. Clunk, 389 F.3d 614, 623 (6th Cir. 2004) (quoting Johnson v. Turner, 125 F.3d 324, 334 (6th Cir. 1997)). Plaintiff does not suggest that the criminal proceeding against him was not the type of case that is heard in a state district court, or that Defendant lacked authority to preside over actions in a state district court.

Plaintiff's objection to the Magistrate Judge's recommendation that no filing fee be assessed is puzzling. If the Magistrate Judge had granted Plaintiff's motion for leave to proceed *in forma pauperis*, Plaintiff would have been required to pay the $350 statutory fee over time regardless of the outcome of the case. See 28 U.S.C. § 1915(b).

Accordingly, after review of the Complaint, the Report and Recommendation, and Plaintiff's Objection [Doc. No. 9], the Court adopts the Report and Recommendation for the reasons set forth therein. This action is DISMISSED. No filing fee is assessed. Plaintiff's Motion for Issuance of Subpoena Duces Tecum [Doc. No. 5] shall be terminated as moot.

IT IS SO ORDERED.

/s/ Indira S. Talwani
United States District Judge

April 26, 2023